WENTWORTH, Judge..
This is an appeal from an order of the judge of industrial claims awarding appel-lee temporary total and temporary partial disability benefits, costs, and further benefits on an unclassified basis up to 60 days or until appellee decides whether to undergo a spinal fusion.
Appellants raise the following points on appeal:
1. Whether the judge of industrial claims erred in finding that the claimant was temporarily and totally disabled- for any period of time?
2. Whether the judge of industrial claims erred in awarding the claimant temporary partial disability benefits for any period between September 15, 1978 and January 12, 1979?
*805 3. Whether the judge of industrial claims erred in allowing the claimant 60 days from the entry of the order to decide whether to undergo any surgical procedure?
4. Whether the judge of industrial claims erred in ordering the employer/carrier to pay for remedial treatment that was never claimed before the judge of industrial claims?
5. Whether the judge of industrial claims erred in awarding the claimant temporary total and/or temporary partial disability benefits for specific periods of time between September 15, 1978 and January 12, 1979, and that those dates or types of disability were never claimed before the judge of industrial claims?
6. Whether the judge of industrial claims erred in ordering the employer/carrier to pay compensation to the claimant from January 12,1979, upon an unclassified basis?
7. Whether the judge of industrial claims erred in ordering the employer/carrier to pay costs without evidence of the costs being submitted?
Upon consideration of the briefs and record, we affirm the order as to points 3,4, and 6, and reverse as to points 1, 2, 5 and 7.
There is, in our opinion, insufficient evidence to support the award of temporary total and temporary partial disability benefits. Appellee returned to work following the industrial accident and continued to perform his duties satisfactorily until he was terminated based on excessive absenteeism over an eleven month period, including time prior to the accident. There is no indication that appellee’s absenteeism was a result of his accident.
Appellee testified he was capable of performing his duties as a computer operator and was actively seeking work through the unemployment office during the period of time for which the order awarded temporary disability benefits. The primary treating physilian corroborated appellee’s testimony that he was able to work. Appellee was discharged from work for reasons other than his injury, and was not working because work was unavailable. The award of temporary total and temporary partial disability benefits is therefore reversed. Curtis Robinson v. Olmos, 8 F.C.R. 131 (1973), cert. denied, 286 So.2d 12 (Fla.1973); North American Rockwell v. Filliben, I.R.C. 2-2831 (1975); Norton v. Supreme Aluminum Products, Inc., 8 F.C.R. 6 (1973), cert. denied, 279 So,2d 873 (Fla.1973).
As to point 7, we find no evidence in the record to support the award of costs at the time the order was entered. The award is reversed and the cause remanded for the entry of an order determining costs on the basis of the record or such additional evidence as may be required.
The order is affirmed in part and reversed in part and the cause remanded for further proceedings consistent herewith.
SHAW, J., concurs.
BOOTH, J., dissents with opinion.